# EXHIBIT H



JUN 2 6 2014
JUL 0 9 2014

Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 15 2014
J. BRANNON

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

ANTHONY PAULEY, an individual, and CHARITYE PAULEY, an individual)

Plaintiff,

v.

ALLY FINANCIAL, INC. and DOES 1 through 10, inclusive,

Defendants.

Case No. MCC 1401036

COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)

By Fax

## I. INTRODUCTION

1. This is an action for damages brought by individual consumers against Defendants for violations of the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, ("TCPA") and for invasion of privacy.

///

## II. PARTIES

2. Plaintiffs ANTHONY PAULEY and CHARITYE PAULEY ("Plaintiffs") are natural persons residing in the State of California, County of Riverside.

3. Defendant ALLY FINANCIAL, INC. ("ALLY") at all times relevant was a corporation doing business of collecting debts in Riverside County, California operating from an address at 300 Galleria Officentre, Suite 201, MC: 480-300-226, Southfield, MI 48034. Its agent for service of process is CT Corporation System at 818 West Seventh Street, Second Floor, Los Angeles, CA 90017.

4. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

5. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

6. Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

7. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

///

## III. FACTUAL ALLEGATIONS

8. Sometime in 2010, Plaintiffs allegedly incurred a debt (the "Debt") to ALLY for vehicles they purchased.

9. Within a year prior to the filing of this action, ALLY began a campaign of excessive collection calls to Plaintiffs attempting to collect the Debt.

10. ALLY called Plaintiffs residential telephone number using an automated telephone dialing system and/or a pre-recorded or artificial voice to deliver a message.

11. ALLY called Plaintiffs up to six times a day on occasion to collect on the Debt.

12. ALLY also called Plaintiff ANTHONY's mother, step-father, and cousins in New Jersey in an attempt to collect the Debt.

13. ALLY obtained telephone numbers for Plaintiff CHARITYE's brother and Plaintiffs' neighbors and contacted them in an attempt to collect the Debt.

14. When ALLY contacted Plaintiffs' family and friends, ALLY disclosed Plaintiffs' personal information concerning the Debt without Plaintiffs' consent.

15. Several times, Plaintiffs demanded that ALLY stop contacting them.

16. ALLY stated that it acknowledged Plaintiff's demand and would note it into Plaintiffs' account.

17. However, despite Plaintiff's demands, ALLY continued to contact Plaintiffs and Plaintiffs' family and friends regarding the Debt.

18. The frequency of ALLY's calls and messages constituted harassment.

19. As a result of ALLY's conduct, Plaintiffs suffered emotional distress.

## IV. FIRST CAUSE OF ACTION

**(Against all Defendants for Violations of the Rosenthal Act)**

20. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

21. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiffs with such frequency as to be unreasonable and to constitute an harassment to the Plaintiffs under the circumstances;

(c) The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

(d) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff;

(e) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(f) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(g) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(h) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in

connection with the collection of the alleged debt; and

(i) The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt; and

(j) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

22. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

23. As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

24. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## V. SECOND CAUSE OF ACTION

**(Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs and Public Disclosure of Private Facts)**

25. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

26. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion and private concerns and affairs.

27. Defendant willfully and intentionally intruded into Plaintiffs' solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect the Debt and disclosing personal details regarding Plaintiffs to third parties.

28. Defendant's intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiffs.

29. As a result of such invasions of privacy, Plaintiffs were harmed and caused emotional distress.

30. Defendants acted with oppression or malice, and Defendants are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

## VI. THIRD CAUSE OF ACTION

**(As against Defendants for Violation of the TCPA)**

31. Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

32. Defendants violated the TCPA by making several telephone calls to Plaintiffs' residential telephone line using an automated telephone dialing system and/or a prerecorded or artificial voice.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's residential telephone line. In fact, Plaintiffs specifically requested Defendant to stop calling.

34. Defendants willfully or knowingly violated the TCPA, by placing non-emergency telephone calls to Plaintiff's residential telephone line using an automatic telephone dialing system or pre-recorded or artificial voice to deliver a message without Plaintiff's prior express consent in violation of 47 U.S.C. §227(b)(1)(B).

35. As a result of Defendants' violations of the TCPA, Plaintiff is entitled to $500.00 for each artificial and/or prerecorded telephone call pursuant to 47 U.S.C. §227 (b)(3)(B).

36. As a result of Defendants' violations of the TCPA, Plaintiff is entitled to a maximum of treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

37. Pursuant to 47 U.S.C. §227 *et seq.* and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to California Civil Code §1788.30(a) and the TCPA;

(c) Costs and reasonable attorney's fees pursuant to California Civil Code §1788.30(b) and §1788.30(c);

(d) For punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Date: 6/2/14

Jeremy S. Golden
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand trial by jury in this action.

Date: 6/2/14

Jeremy S. Golden
Attorney for Plaintiffs